## FOSTER, AND OTHERS V. HARRISON.

1. When a writ of error is sued out to remove a case from the county to the circuit court, and the record is not filed, but the writ of error is dismissed, and the judgment of the county court affirmed on certificate, the judgment entry must shew affirmatively, every fact necessary to authorise the judgment on certificate.
2. When the judgment entry recites that it appeared from the certificate of the clerk of the county court, that one of two defendants to a judgment in that court, prayed for and obtained a writ of error, and executed bond, &c. &c., the legal presumption is, that the writ of error was sued out by one, in the name of both defendants.

Writ of error to the Circuit Court of Greene county.

Judgment on the certificate of the Clerk of the County Court. The judgment entry recites that the defendant in error produced the certificate of the Clerk of the County Court of Greene county, showing a judgment at the November Term, 1839, against Foster & Allison ; that Foster, on the 28th day of April 1840, prayed for and obtained a writ of error in said cause, returnable to the then present term of the Circuit Court, and gave bond according to law to prosecute the same, with John T. Hundley as security, and no transcript of the record in said cause having been filed, it was considered, &c., affirming the judgment with 10 per cent damages, interest and costs.

The defendants to that judgment here prosecute their writ of error, and assign as error, that it does not appear that Allison joined in suing out the writ of error.

JONES, for the plaintiff in error.
PECK, contra.

GOLDTHWAITE, J.—1. There is no question but that, according to the course of practice in this State, judgments such as this, must show every fact affirmatively in the judgment entry that is necessary to sustain the summary jurisdiction exercised by the court.

2. It is equally clear that the recitals of the judgment con-

2

form to this view with the utmost precision and correctness. The legal presumtion arises, that both defendants were named as parties in the writ of error, when the clerk certifies that one of them prayed for and obtained the writ; because on such case alone, is the clerk authorised to issue it, or to. supersede the judgment.

Let the judgment be affirmed.